IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY GUARALDO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security, | : | |
| Defendant. | : | No. 14-5832 |

## REPORT AND RECOMMENDATION

**LINDA K. CARACAPPA**
**UNITED STATES CHIEF MAGISTRATE JUDGE**

Plaintiff, Gary Guaraldo, brought this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). Presently before this court are plaintiff's brief in support of plaintiff's request for review, the Commissioner's response, and plaintiff's reply. For the reasons set forth below, we recommend plaintiff's request for review be GRANTED, and remand ordered.

I.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on June 15, 1955 and was fifty-five (55) years old when he filed the instant application for DIB. (Tr. 99). Plaintiff completed college, and he has past work experience as an accountant and an internal auditor. (Tr. 48, 67).

On September 19, 2010, plaintiff filed an application for DIB, alleging a closed period of disability from January 1, 2000 to December 31, 2007. (Tr. 72, 99). Plaintiff's application was denied at the state level on December 3, 2010. (Tr. 100). Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 74).

On December 16, 2011, plaintiff attended a hearing, and on January 12, 2012, ALJ Susan A. Flynn issued a partially favorable decision. (Tr. 41, 101). Plaintiff had requested a closed period of disability from January 1, 2000 through December 31, 2007, and plaintiff was found to be disabled during said period. (Tr. 106). The ALJ further found plaintiff returned to work in January 2008, completed a nine (9) month trial work period, and engaged in substantial gainful activity after completing the trial period; as such, the ALJ determined plaintiff's disability ended on September 30, 2008. (Tr. 106-07). Plaintiff filed a request for review, and on September 20, 2013, the Appeals Council vacated the decision and remanded plaintiff's case for further review. (Tr. 124).

On April 2, 2014, ALJ Jay Marku conducted a hearing and heard testimony from an impartial vocational expert and plaintiff, who was represented by counsel. (Tr. 69). The ALJ issued an opinion dated June 23, 2014, finding plaintiff not disabled under the Act prior to December 31, 2004, plaintiff's date last insured. (Tr. 14). Plaintiff filed a request for review, and on September 17, 2014, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently appealed that decision to this court.

II.   LEGAL STANDARDS

Upon judicial review, this court's role is to determine whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g); Pierce v. Underwood, 587 U.S. 552 (1988). "Substantial evidence is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). It is relevant evidence viewed objectively as adequate to support a decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Kangas v. Bowen, 823 F.2d 775 (3d Cir. 1987); Dobrowolsky v.

Califano, 606 F.2d 403 (3d Cir. 1979).  In determining whether substantial evidence exists, the reviewing court may not weigh the evidence or substitute its own conclusion for that of the ALJ.  Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).  If the court determines the ALJ's factual findings are supported by substantial evidence, the court must accept the findings as conclusive.  Richardson, 402 U.S. at 390; Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  It is the ALJ's responsibility to resolve conflicts in the evidence and to determine credibility and the relative weights to be given to the evidence.  Richardson, 402 U.S. at 401.  While the Third Circuit Court of Appeals has made it clear the ALJ must analyze all relevant evidence in the record and provide an explanation for disregarding evidence, this requirement does not mandate the ALJ "to use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).  Rather, it is meant "to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Id.  Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure the ALJ applied the proper legal standards.  Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

       To establish a disability under the Act, a claimant must demonstrate there is some "medically determinable basis for an impairment that prevents [her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." Stunkard v. Sec'y of Health and Human Servs., 841 F.2d 57, 59 (3d Cir. 1988) (citation omitted); 42 U.S.C. § 423(d)(1) (1982).  The claimant satisfies her burden by showing an inability to return to her past relevant work.  Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Once this showing is made, the burden of proof shifts to the Commissioner to show the claimant, given her age, education, and work experience, has the ability to perform specific jobs that exist in the economy.  20 C.F.R. § 404.1520.  See Rossi, 602 F.2d at 57.

As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity if any.  If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education and work experience to see if you can make an adjustment to other work.  If you can make an adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (references to other regulations omitted).

III.     ADMINISTRATIVE LAW JUDGE'S DECISION

Pursuant to the five-step sequential evaluation process, the ALJ determined plaintiff had not been under a "disability," as defined by the Act, prior to December 31, 2004, plaintiff's date last insured.  (Tr. 14).

At step one, the ALJ reviewed ALJ Flynn's previous January 12, 2012 decision, the Appeals Council's instructions, and the evidence of record, and found plaintiff's work from January 2008 through September 2008 did not constitute a trial work period, as ALJ Flynn had previously found, because pursuant to 20 CFR § 404.1592(e) a trial work period cannot begin

4

before the month in which a plaintiff filed the application for benefits. (Tr. 13). Here, plaintiff filed his application for DIB on September 19, 2010, so the 2008 work cannot be considered a trial work period. (Tr. 72).

The ALJ further found plaintiff was not entitled to the thirty-six (36) month re-entitlement period, as ALJ Flynn had previously found, because in order to be entitled to a thirty-six (36) month re-entitlement period, a claimant must have had a nine (9) month trial work period. Id. Congress enacted section 303 of the 1980 amendments providing a re-entitlement period to a beneficiary who completes nine (9) months of trial work and continues to have a disabling impairment, to encourage disabled beneficiaries to attempt to work. This provision is referred to as the extended period of eligibility ("EPE"). The EPE provides a thirty-six (36) month re-entitlement period during which a disability beneficiary can be re-entitled to benefits if his or her work activity falls below the substantial gainful activity ("SGA") level. Following the re-entitlement period, the EPE continues until a beneficiary performs substantial gainful activity. Here, the ALJ stated because plaintiff was not entitled to a trial work period for work performed in 2008, plaintiff was also not entitled to a thirty-six (36) month re-entitlement period. Id.

Finally, the ALJ found plaintiff engaged in substantial gainful activity from January 1, 2008 through September 30, 2009. Id. As such, the ALJ determined plaintiff was not entitled to a closed period of "disability," as defined in the Act, starting on January 1, 2000, with medical improvement and cessation demonstrated by his return to substantial gainful activity on January 1, 2008. (Tr. 14). The ALJ noted without a period of disability beginning on January 1, 2000, plaintiff's date last insured was December 31, 2004, and because plaintiff performed substantial gainful activity in 2008 and 2009, plaintiff cannot establish he has been continuously disabled since January 1, 2000. Id.

IV.	PLAINTIFF'S CONTENTIONS

Plaintiff argues: (i) substantial evidence does not support the ALJ's finding that plaintiff is not mentally incompetent and therefore the thirty-six (36) month exception does not apply; (ii) the ALJ's finding that plaintiff engaged in substantial gainful activity since January 2008 is not based on substantial evidence as the ALJ failed to consider the work subsidy provided by plaintiff's employer to allow plaintiff to work; and (iii) the ALJ erred in disregarding the Appeals Council's order dated September 20, 2013.

V.	DISCUSSION

The Commissioner's findings must be affirmed if they are supported by substantial evidence. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 401. The role of this court is to determine whether there is substantial evidence to support the Commissioner's decision. Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 507 U.S. 924 (1993). After review of the records, we recommend plaintiff's request for review be granted.

   A.	Claim Two: Whether the ALJ's Finding that Plaintiff Engaged in Substantial Gainful Activity since January 2008 is Based on Substantial Evidence[1]

Plaintiff argues the ALJ's finding that plaintiff engaged in substantial gainful activity since January 2008 is not based on substantial evidence, because the ALJ failed to consider the work subsidy plaintiff's employer provided to allow plaintiff to work. See Pl. Brief at 19. In support of his argument, plaintiff points to evidence in the record that: (i) plaintiff was unable to perform all of his job duties; (ii) he had excessive absenteeism of four (4) to eight (8) days per month; and (iii) he arrived late and left early. Id. at 22. Plaintiff argues the ALJ committed reversible error in failing to consider plaintiff's work subsidy, and, as such, the case should be remanded. Id. In response, defendants argue plaintiff's employment from January

---

1 For ease of discussion, Claim Two is discussed first.

2008 to September 2009 constituted substantial gainful activity, and plaintiff's job was not performed under any special conditions, as plaintiff alleged. See Def. Response at 6-7.  In support of their argument, defendants state (i) plaintiff's attorney conceded at the December 16, 2011 hearing that plaintiff "went back to work at [substantial gainful activity] levels in 2008," (ii) plaintiff failed to argue his work was performed under special conditions during the administrative process or at the hearing, and (iii) the evidence of record does not substantiate plaintiff's claim. See id. at 6-8.  Finally, defendants argue plaintiff testified he did not start to have problems with attendance until May 2009 – sixteen (16) months after plaintiff was hired – and plaintiff's attendance did not affect his work until September 2009, when plaintiff's employment was terminated. See id. at 8.  As such, defendants argue the ALJ's determination that plaintiff's work activity in 2008 and 2009 constituted substantial gainful activity should be affirmed. Id.

At step one of the five-step sequential evaluation process, an ALJ must determine whether a claimant has engaged in substantial gainful activity. See 20 C.F.R. § 404.1573(c).  In doing so, an ALJ must first look to a claimant's earnings.  If a claimant's earnings exceed the amount set forth in the Agency regulations, a presumption arises that the claimant engaged in substantial gainful activity. Id. at § 404.1574(b)(2).  That presumption, however, may be rebutted if a claimant shows the work was performed under special conditions. See Beeks v. Comm'r of Soc. Sec., 363 F. App'x 895, 897 (3d Cir. 2010).  Indeed, an ALJ "cannot end his inquiry when a magic number on an earnings scale appears." Coulter v. Weinberger, 527 F.2d 224, 229 (3d Cir. 1975).  The Agency regulations note, in relevant part:

> The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital. If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity.

> Also, if you are forced to stop or reduce your work because of the removal of special conditions that were related to your impairment and essential to your work, we may find that your work does not show that you are able to do substantial gainful activity. However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level. Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which—
>
> (1) You required and received special assistance from other employees in performing your work;
>
> (2) You were allowed to work irregular hours or take frequent rest periods;
>
> (3) You were provided with special equipment or were assigned work especially suited to your impairment;
>
> (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
>
> (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
>
> (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573(c). Part-time work may constitute substantial gainful activity. Id. at § 404.1572(a).

When analyzing an individual's claim, an ALJ is required to consider all evidence in the record. See 42 U.S.C. § 423(d)(5)(B); Plummer, 186 F.3d at 433. While an ALJ is not required to produce "an exhaustive discussion of all the evidence," an ALJ's "failure to address evidence in direct conflict with [his] findings or to reject uncontradicted evidence without a clear statement of the reasoning is erroneous." Hernandez v. Comm'r of Soc. Sec., 89 F. App'x 771, 773-74 (3d Cir. 2004); Landeta v. Comm'r of Soc. Sec., 191 F. App'x 105, 110 (3d Cir. 2006).

Here, the ALJ stated, in relevant part:

> [Plaintiff's] attorney has attempted to establish [plaintiff's] work activity from January 1, 2008 through September 30, 2009 was not substantial gainful activity

8

>because of frequent absences and special circumstances. However, the undersigned does not accept this argument. [Plaintiff] made $35,028.13 in 2008 and $30,531.26 in 2009. Even if he could only work at this part-time, just based on the amount of earnings this was substantial gainful activity. In fact, pursuant to 20 CFR 404.1574(a)(1), [plaintiff's] earnings may show substantial gainful activity. During this time, [plaintiff] was employed as an accountant. To qualify as substantial gainful activity, work in 2008 must result in earnings of more than $940.00 per month, for a total of $11,280.00 per year. In 2009, work must result in earnings of more than $980.00 per month, for a total of $11,760.00 per year. Therefore, pursuant to 20 CFR 404.1574(b), the undersigned finds that this work activity constitutes substantial gainful activity. Although [plaintiff] testified that he began missing more time after May 2009, the undersigned still finds that [plaintiff] performed substantial gainful activity at least through April 2009.

(Tr. 13-14) (citations omitted).

Although defendants advance a number of arguments as to why plaintiff's employment constituted substantial gainful activity, as discussed supra, the ALJ did not adequately assess whether plaintiff's work from January 2008 through September 2009 was performed under any special conditions, and, as such, we find the ALJ failed to adequately assess plaintiff's disability claim at the first step of the disability analysis. In particular, the ALJ did not sufficiently address whether Plaintiff's employment constituted "irregular work hours or . . . frequent rest periods." 20 C.F.R. § 404.1573(c). Plaintiff testified he began missing work in his first month -- January 2008 -- and by May 2009, plaintiff testified he missed one (1) to two (2) days of work per week due to illness. (Tr. 34, 37). Treatment notes dated March 12, 2008 indicate plaintiff's stress and anxiety levels were elevated and plaintiff was already missing one (1) to two (2) days of work per week by March 2008. (Tr. 627). Plaintiff's wife testified at the December 16, 2011 hearing plaintiff "was only scheduled to work part time . . . like a few days a week because we were trying to find a way that he could ease into the workforce . . . but it wasn't working out . . . [he] couldn't function on his own." (Tr. 64). Plaintiff's wife further testified that as plaintiff's symptoms worsened, plaintiff began missing work, leaving early, or

9

going into work late.  Id.  Plaintiff provided earning statements with time card detail showing that during the week of March 1, 2009, plaintiff missed two days of work due to sickness; in a letter addressed to plaintiff's attorney, plaintiff noted he did not have copies of additional earnings statements and time card detail, and plaintiff needed said time card information to show the amount of sick time he had taken.  (Tr. 346-47, 348).  During the April 2, 2014 hearing, the ALJ noted: "I know you've asked for a subpoena from [plaintiff's previous employer] . . . I'm not sure what you're trying to establish with that?"  (Tr. 30).  When plaintiff's attorney responded plaintiff's medical records could establish plaintiff was not working five (5) days a week, eight (8) hours a day, the ALJ dismissed the argument without inquiring whether plaintiff's employment was performed under special conditions, stating: "That doesn't matter, if he was -- part time work can be substantial gainful activity."  Id.

        The above-referenced information was relevant and probative as to whether plaintiff's job involved irregular work hours, but the ALJ failed to explicitly weigh such evidence.  Indeed, the ALJ merely remarked: "[Plaintiff's] attorney has attempted to establish [plaintiff's] work activity from January 1, 2008 through September 30, 2009 was not substantial gainful activity because of frequent absences and special circumstances.  However, the undersigned does not accept this argument . . . Although [plaintiff] testified that he began missing more time after May 2009, the undersigned still finds that [plaintiff] performed substantial gainful activity at least through April 2009."  (Tr. 13, 14).  While an ALJ is free to reject a claimant's testimony as implausible, or to find special conditions do not exist after applying the evidence to the regulations, an ALJ may not provide "a summary conclusion" without "discussing the evidence, or explaining his reasoning."  Burnett Comm'r of Soc. Sec., 220 F.3d 112, 119, 122 (3d Cir. 2000) (citation omitted).  An "ALJ's failure to explain his

implicit rejection of [] evidence or even to acknowledge its presence [is] error." Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981). Moreover, because a district court may not weigh the evidence, we may not uphold the decision where no such analysis was provided by the ALJ. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Here, the ALJ failed to explain why plaintiff's conditions of employment did not constitute special conditions, despite rejecting evidence in conflict with his findings. As such, we cannot conclude the ALJ's findings are supported by substantial evidence. See Landeta, 191 F. App'x at 110; Wright v. Colvin, 2013 WL 6734292, at *7-9 (D.N.J. Dec. 19, 2013).[2]

Therefore, we make the following:

RECOMMENDATION

AND NOW, this 29th day of October, 2015, it is RESPECTFULLY RECOMMENDED that Plaintiff's Plaintiff's Request for Review be GRANTED and the case remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

BY THE COURT:

/s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE

---

[2] Generally, this court reviews every claim presented by a plaintiff. In the case at bar, plaintiff's remaining allegations include: whether substantial evidence supported the ALJ's finding that plaintiff was not mentally incompetent and therefore the thirty-six (36) month exception did not apply, and whether the ALJ erred in disregarding the Appeals Council's order dated September 20, 2013. Because the ALJ did not evaluate all of the evidence, we cannot now assess whether substantial evidence supported the ALJ's finding that plaintiff was not mentally incompetent or whether the ALJ's determination comported with the Appeals Council's September 20, 2013 order. See, e.g., Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122-23 (3d Cir. 2000). We recommend the ALJ reevaluate the above-referenced issues once he has fully examined the record in accordance with the proper procedures and legal standards.